# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: October 8, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| TERESA SHERBINE, | * | |
| | * | **UNPUBLISHED** |
| | * | No. 17-413V |
| Petitioners, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Ronald Craig Homer</u>, Conway Homer, P.C., Boston, MA, for petitioners.
<u>Sara Christina Duncan</u>, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 23, 2017, Teresa Sherbine ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq., ("Vaccine Act" or "the Program").3 Petitioner alleges that she suffered left shoulder injuries caused by an October 30, 2015 influenza ("flu") vaccination. (Petition at 1-2). On March 27, 2020, the undersigned filed her decision awarding compensation to petitioner. (ECF No. 78).

On June 16, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 83). Petitioner request compensation in the amount of $33,250.12, representing $30,604.90 in attorneys' fees and $2,645.22 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner states he did not incur any costs related to the prosecution of his petition. Respondent filed his response on June 30, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. <u>Id</u>.

case." Response at 2 (ECF No. 85). Petitioners did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $33,250.12.

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

### a.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior

experience to reduce hourly rates and the number of hours clamed in attorney fee requests …
[v]accine program special masters are also entitled to use their prior experience in reviewing fee
application." <u>Saxton</u>, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioners requests rates for his counsel, Mr. Ronald Homer and his associates between
$200 - $447 per hour for work performed between: $363.00 per hour for work performed between
2016 – 2020. (Fees App. At 23). The requested rates are consistent with what Mr. Homer and his
associates have previously been awarded for Vaccine Program work, and the undersigned finds
them to be reasonable for the work in this case.

### ii.   Reasonable Hours Expended

The overall hours spent on this matter appear to be reasonable. The undersigned has
reviewed the billing entries and finds that they adequately describe the work done on the case
and the amount of time spent on that work. None of the entries appear objectionable, nor has
respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final
award of attorneys' fees in the amount of $30,604.90.

### b.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable.
*Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner
requests a total of $2,202.61 in attorneys' costs for medical records, shipping costs and expert
fees. Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation of all these expenses
and they appear reasonable. Petitioner is therefore awarded the full amount of costs sought.

### II.   Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is
**GRANTED**. The undersigned hereby awards **a lump sum of $33,250.12, representing
reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable
jointly to petitioner and Ms. Ronald C. Homer, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of
Court **SHALL ENTER JUDGMENT** in accordance with this decision.[2]

**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing
the right to seek review.

3

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Special Master